IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION, § <br> SUCCESSOR BY MERGER TO OCWEN § <br> LOAN SERVICING, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Civil Action No. 7:21-cv-00133 <br> OLD REPUBLIC NATIONAL TITLE § <br> INSURANCE COMPANY, § <br> § <br> Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff PHH Mortgage Corporation, Successor by Merger to Ocwen Loan Servicing, LLC, and files this *Original Complaint* against Defendant Old Republic National Insurance Company and shows:

### I. PARTIES

1. Plaintiff PHH Mortgage Corporation, Successor by Merger to Ocwen Loan Servicing, LLC ("Plaintiff"), is a New Jersey corporation with its principal place of business in New Jersey. Plaintiff is appearing herein through its undersigned counsel of record.

2. Defendant Old Republic National Title Insurance Company ("Defendant") is a Florida Corporation with its principal place of business in Minnesota. Defendant is engaged in the business of insurance in the State of Texas and can be served through its attorney for service, John Updegraff, 2591 Dallas Parkway, Suite 102, Frisco, Texas 75034. Summons is requested.

### II. PROPERTY

3. This proceeding concerns the real property and improvements commonly known as 1940 N. Mockingbird Alley, Odessa, TX 79763, and more particularly described as:

PLAINTIFF'S ORIGINAL COMPLAINT
19-000262-673                                                                                          Page 1

A 0.229 acre tract of land, as shown on Exhibit "A", out of the S/2 of Lot 10, Block 14, WESTOVER ACRES, a Subdivision of Ector County, Texas, according to the map or plat thereof of record in Volume 5, Page 18, Plat Records, Ector County, Texas, EXCEPT ALL oil, gas, and other minerals in, on, or under said land as heretofore reserved by prior Grantors (the "Property").

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

5. Plaintiff is a corporation incorporated in New Jersey with its principal place of business in New Jersey. Plaintiff is therefore a citizen of New Jersey for diversity purposes.[1]

6. Defendant is a corporation incorporated in Florida Corporation with its principal place of business in Minnesota. Plaintiff is therefore a citizen of Florida and Minnesota for diversity purposes

7. In this suit, Plaintiff seeks to recover for its loss of title to the Property. According to the Ector County Central Appraisal District, the Property has a value of $100,295.00, which is well in excess of the minimum amount in controversy required for diversity jurisdiction. Further, Plaintiff seeks to recover its reasonable attorney's fees, and said sum through trial is expected to be at least $30,000.00.

8. Venue is proper in the United States District Court for the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. The Property is located in Ector County, Texas, which is within this Division and

---

[1] Ocwen Loan Services, LLC, merged into PHH Mortgage Corporation in June of 2019. PHH Mortgage Corporation's citizenship controls for the purposes of diversity jurisdiction. *See Exxon Corp. v. Duval County Ranch,* 406 F. Supp. 1367, 1369 (holding "the citizenship of a surviving corporation is controlling" for diversity purposes.)

District.

## IV. FACTS

9. The foregoing paragraphs are incorporated by reference for all purposes.

10. PHH's predecessor, Ocwen Loan Servicing, LLC ("Ocwen"), was the owner and holder of a reverse mortgage note and beneficiary of a corresponding first lien on the Property, as evidenced by a promissory Note (the "Note") executed by Ronnie D. Boykin in the original principal amount of up to $104,802.00 payable to AMCAP Mortgage, Ltd., dated November 25, 2009 and corresponding Deed of Trust (the "Deed of Trust" and together with the Note, the "Loan"), executed by Ronnie D. Boykin and Heidi M. Boykin ("Ronnie and Heidi Boykin") with a lien on certain real property described as:

> THE SOUTH ONE-HALF (S/2) OF LOT 10, BLOCK 14, WESTOVER ACRES, 3RD FILING, A SUBDIVISION OF ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 5, PAGE 18, PLAT RECORDS OF ECTOR COUNTY, TEXAS.

(the "Entire Southern Tract").

11. The Deed of Trust also covered a manufactured home as more particularly described therein. The Deed of Trust was recorded in the real property records of Ector County, Texas under on December 28, 2009 under Instrument No. 2009-00018153. Copies of the Note and Deed of Trust with riders are attached hereto as Exhibits B and C, respectively. The Loan was transferred to Ocwen. A Corporate Assignment of Deed of Trust evidencing the transfer was recorded in the real property records of Ector County, Texas under on December 10, 2017 under Instrument No. 2017-00015160, and a copy is attached as Exhibit D.

12. According to the Policy issued by Defendant, it agreed to insure the original lender and its successors against losses sustained by the insured because of the invalidity or

unenforceability of the lien of the insured mortgage. A true and correct copy of the Policy is attached hereto as Exhibit E.

13. Ronnie and Elizabeth Boykin defaulted on the Loan and the lien on the Entire Southern Tract was foreclosed on January 2, 2018 and sold to Ocwen. A Substitute Trustee's Deed was recorded in the real property records of Ector County, Texas under on January 17, 2018 under Instrument No. 2018-00000772, a copy of which is attached as Exhibit F. After foreclosure, Ocwen discovered certain discrepancies in the descriptions and addresses for the encumbered property.

14. Glenn R. Boykin and Shirley L. Boykin ("Glenn and Shirley Boykin") owned the Entire Southern Tract pursuant to a Warranty Deed (With Vendor's Lien) recorded in the Official Records of Ector County, Texas in Volume 452, Page 590 under Instrument Number 1964-4416 on April 7, 1964. On or about October 19, 2009, Glenn and Shirley Boykin recorded a Gift Warranty Deed, conveying the Entire Southern Tract to Ronnie and Heidi Boykin pursuant to a Gift Warranty Deed recorded in the Official Records of Ector County, Texas in Volume 2378, Page 454 under Instrument Number 2009-14578. Glenn and Shirley Boykin then recorded a second Gift Warranty Deed to correct the legal description in first Gift Warranty Deed and conveying only a .229-acre portion of the Entire Southern Tract to Ronnie and Heidi Boykin, to wit:

> A 0.229 acre tract of land, as shown on Exhibit "A", out of the S/2 of Lot 10, Block 14, WESTOVER ACRES, a Subdivision of Ector County, Texas, according to the map or plat thereof of record in Volume 5, Page 18, Plat Records, Ector County, Texas, EXCEPT ALL oil, gas, and other minerals in, on, or under said land as heretofore reserved by prior Grantors.

(the ".229-acre Tract" or "the Property").

15. The .229-acre Tract was further described by meets and bounds on Exhibit "A" to the corrected Gift Deed. The corrected Gift Warranty Deed was recorded in the Official Records of Ector County, Texas in Volume 2384, Page 501 under Instrument Number 2009-15830 on November 9, 2009. The Loan closed on November 25, 2009. A copy of the corrected Gift Warranty Deed is attached hereto as Exhibit G.

16. The Note, Deed of Trust, Policy, and Foreclosure Sale Deed cover the Entire Southern Tract. The Policy insures title to the Entire Southern Tract is vested in Ronnie and Heidi Boykin. (See Policy at Schedule A, ¶3.) As such, PHH maintains its Deed of Trust should have covered the Entire Southern Tract, including the .229-acre Tract [i.e., the South One-Half (S/2) of Lot 10 as described in the Policy].

17. However, as Ronnie and Heidi Boykin did not have title to the Property at the time the Loan closed, they were unable to encumber the Property to secure the Loan. Accordingly, Ocwen, when it foreclosed, arguably did not acquire title to the Property. By this suit, PHH seeks to recover from Defendant damages for its loss, which is the fair market value of the Property.

### V. CAUSE OF ACTION – BREACH OF CONTRACT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. On October 1, 2020, Plaintiff gave to Defendant written notice of the title issue as described above and demanded that Defendant resolve the issue as provided in the Policy. Plaintiff has fully complied with all other terms and conditions of the title insurance policy, and all conditions precedent have been performed or have occurred.

23. On October 15, 2020, Defendant notified Plaintiff that it would not compensate Plaintiff for its losses as a result of the title issue. By this refusal, Defendant breached the terms of the title insurance policy as described above, causing damage to the plaintiff.

24. The reasonable market value of the plaintiff's interest in the real property as insured by the defendant's policy was and is at least $100,295.00. The value of the Policy is $104,802.00. Plaintiff's loss thus falls within the policy limits of the Policy and Plaintiff seeks to recover from Defendant a sum that represents the fair market value of the Property.

25. Pursuant to the Policy and also Chapter 38 of the Texas Civil Practice and Remedies Code, Defendant is liable to Plaintiff for all necessary and reasonable attorney's fees and court costs incurred by the plaintiff in this action.

**WHEREFORE**, Plaintiff requests that Defendant be cited to appear and answer, and that on final hearing the plaintiff have:

1. Damages in the amount of the fair market value of the Property.

2. Prejudgment and postjudgment interest as provided by law.

3. Reasonable attorney's fees.

4. Costs of suit.

5. Such other and further relief to which the plaintiff may be justly entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
      **MARK D. CRONENWETT**
      Texas Bar No. 00787303
      mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**